| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>------------------------------------------------------------X<br>In re:<br><br>PERSICO CONTRACTING & TRUCKING, INC.,<br><br>                       Involuntary Debtor.<br>------------------------------------------------------------X | HEARING DATE:<br>August 3, 2010<br><br>Chapter 11<br>(Contested Involuntary Proceeding)<br><br>Case No. 10-22736 (RDD) |

**INVOLUNTARY DEBTOR'S MEMORANDUM OF LAW IN
SUPPORT OF ITS MOTION SEEKING DISMISSAL OF THE
INVOLUNTARY CHAPTER 11 CASE PURSUANT TO 11 U.S.C.
SECTIONS 303 AND FED. R. CIV. PRO. 12(b) MADE
APPLICABLE BY FEDERAL RULE OF BANKRUPTCY
PROCEDURE 1011 AND 9014 OR IN THE ALTERNATIVE
<u>ABSTENTION UNDER 11 U.S.C. § 305(a)(1)</u>**

      The question presented on this motion is simple: whether a creditor whose claim is the subject of a bona fide dispute as to amount and/or liability can commence an involuntary Chapter 11 petition. Congress answered this question in 2005, which it amended 11 U.S.C. § 303(b)(1) to provide that a creditor's claim must not be the subject of a bona fide dispute as to liability or amount in order for that creditor to file an involuntary Title 11 petition.

      Persico Contracting & Trucking, Inc. (hereinafter "Persico" or "Involuntary Debtor"), by and through its attorneys' Rattet, Pasternak & Gordon-Oliver, LLP, makes this Motion to Dismiss the Involuntary Chapter 11 Case, filed by Pavers Welfare Fund, Pavers Pension Fund, and Pavers Annuity Fund (the "Petitioning Creditors"), pursuant to section 303 of Title 11 of the United States Code (the "Bankruptcy Code"), and Fed. R. Civ. Pro. 12(b)(1), made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 1011 and 9014 (the "Bankruptcy Rules"), dismissing the Involuntary Chapter 11 proceeding.

## JURISDICTION AND VENUE

The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of the Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. This proceeding has been initiated pursuant to Bankruptcy Code § 303, and Bankruptcy Rules 1011 and 9014.

## STATEMENT OF FACTS

The facts relevant to this matter are set forth in the accompanying Declaration of Richard Persico dated April 7, 2010 (the "Persico Declaration").[1] For the convenience of the Court, however, the alleged involuntary Debtor wishes to summarize those facts.

On April 16, 2010, (the "Filing Date"), the Petitioning Creditors filed an involuntary petition for reorganization of Persico pursuant to Chapter 11 of the Bankruptcy Code. The instant proceeding was referred to Your Honor for administration under the Bankruptcy Code.

Prior to the Filing Date, on or about September 2, 2008, the Petitioning Creditors commenced the 2008 District Court Action (Exhibit "5", Persico Declaration), against the Involuntary Debtor, captioned:

- Vincent Masino, Keith Loscalo, Raymond Maria, Anthony Fasulo, David DeLucia and Domenick Agostino, as Trustees and Fiduciaries of the Pavers and Road Builders District Council Welfare, Pension, Annuity and Apprenticeship, Skill Improvement and Training Funds v. Persico Contracting & Trucking, Inc., Case No. CV 08-3561, (Cogan, J. and Azrack, M.J). (A copy of the Second Amended Complaint in the 2008 District Court Action Summons and Complaint is annexed to the Persico Declaration as Exhibit "5").

In The 2008 District Court Action the Petitioning Creditors sued for breach of the

---

[1] All exhibit references relate to attachments to the Persico Declaration. All capitalized terms not otherwise defined shall have the meanings ascribed to them in the Persico Declaration.

Collective Bargaining Agreement and ERISA violations occurring from April 2008 through March 2009, for alleged unpaid wages and benefits in the amount of $339,667.01.  On or about August 18, 2009, the Involuntary Debtor filed an Answer to the Complaint, seeking that the Complaint commencing the 2008 District Court Action be dismissed in its entirety.  (A copy of the Answer is annexed as Exhibit "6" to the Persico Declaration).  The parties thereafter commenced discovery, and the 2008 District Court Action is currently pending in the District Court for the Eastern District of New York before the Honorable Brian M. Cogan.

On or about April 13, 2010, three (3) days prior to the filing of the Involuntary Petition the Petitioning Creditors filed the 2010 District Court Action in the District Court for the Eastern District of New York, against the Involuntary Debtor (the "2010 District Court Action"), captioned:

- Vincent Masino, Keith Loscalo, Raymond Maria, Anthony Fasulo, David DeLucia and Domenick Agostino, as Trustees and Fiduciaries of the Pavers and Road Builders District Council Welfare, Pension, Annuity and Apprenticeship, Skill Improvement and Training Funds v. Persico Contracting & Trucking, Inc., Richard Persico, and First National Insurance Company of America, Case No. CV 10-1648, (Weinstein, J.). (A copy of the 2010 District Court Action Summons and Complaint is annexed to the Persico Declaration as Exhibit "7").

The 2010 District Court Action contains similar allegations as the 2008 District Court Action; for alleged unpaid wages and benefits in the amount of $221,578.75, which are for the time period April 2009 through February 2010, in addition to damages sought in tThe 2008 District Court Action.  Furthermore, the Petitioning Creditors seek recovery from Richard Persico, individually, on these and other state law claims.  An answer has not been interposed by any Defendant in the 2010 District Court Action, which is currently pending in the District Court for the Eastern District of New York before the

Honorable Jack B. Weinstein.

## ARGUMENT

## POINT I

## THE INVOLUNTARY PETITION MUST BE DISMISSED

**I. AN INVOLUNTARY PETITION MUST BE DISMISSED PURSUANT TO 11 U.S.C. § 303(b)(1) WHERE A BONA FIDE DISPUTE EXISTS BETWEEN THE PETITIONING CREDITORS AND THE ALLEGED DEBTOR AS TO THE AMOUNT OF THE PETITIONING CREDITORS CLAIMS.**

11 U.S.C. § 303(b) as recently amended in the 2005 states:

(b) An involuntary case against a person is commenced by the filing with the bankruptcy court of a petition under chapter 7 or 11 of this title--

(1) by three or more entities, each of which is either a holder of a claim against such person that is not contingent as to liability **or the subject of a bona fide dispute as to liability or amount**, or an indenture trustee representing such a holder, if such noncontingent, undisputed claims aggregate at least $14,425 [FN1] more than the value of any lien on property of the debtor securing such claims held by the holders of such claims;

(2) if there are fewer than 12 such holders, excluding any employee or insider of such person and any transferee of a transfer that is voidable under section 544, 545, 547, 548, 549, or 724(a) of this title, by one or more of such holders that hold in the aggregate at least $14,425 [FN1] of such claims; (emphasis supplied).

The phrase "as to liability or amount" was added to § 303(b)(1) and (h)(1) following the phrase "*bona fide* dispute" by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"). <u>Bankruptcy Abuse Prevention and Consumer Protection Act of 2005</u>, Pub.L. No. 109-8, §§ 1234(a)(1)(A) and (a)(12), 119 Stat. 23 (April 20, 2005). Thus, Congress has, by this amendment, explicitly expressed its policy determination that any dispute regarding the amount of the creditors claim will

render the claim subject to a bona fide dispute, necessitating an immediate dismissal of the case. See, e.g. In <u>In re Euro-American Lodging Corp.</u>, 357 B.R. 700 (Bankr. S.D.N.Y. 2007); <u>In re Mountain Dairies, Inc.</u>, 372 B.R. 623 (Bkrtcy. S.D.N.Y.,2007).

In ruling on this Motion, the Debtor requests that the Court be mindful of Second Circuit holding in <u>In re BDC 56 LLC</u>, 330 F.3d 111 (2d Cir. 2003) that the requirement that petitioning creditors' claims be undisputed is jurisdictional. The Court stated:

> Bankruptcy courts in this Circuit have construed the requirement that a petitioning creditor's claim not be subject to a bona fide dispute as "both an element of the condition upon which a controverted order for relief may be entered and a necessary prerequisite for the bankruptcy court's jurisdiction." *In re Elsa Designs, Ltd.,* 155 B.R. 859, 863 (Bankr.S.D.N.Y.1993); *see also In re Onyx Telecomm., Ltd.,* 60 B.R. 492, 496 (Bankr.S.D.N.Y.1985). At least one circuit, however, has held that the requirement that a petitioning creditor's claim not be subject to a bona fide dispute is not jurisdictional, but is "an element that must be established to sustain an involuntary proceeding." *Rubin v. Belo Broad. Corp. (In re Rubin* ), 769 F.2d 611, 614-15 & n. 3 (9th Cir.1985).[FN4]
>
>> FN4. *See also* 1 *Norton Bankruptcy Law and Practice 2d* § 21:3 (2d ed. 1994) ("[T]he undisputed claim requirement is not jurisdictional, but goes to the merits. If the point is contested, petitioners cannot prevail unless they show that their claims are not subject to bona fide dispute, but the Bankruptcy Court is not without jurisdiction prior to the determination.").
>
> **We believe the more sound view is that the requirement is subject matter jurisdictional, and now so hold.** Whether an alleged debtor is properly before the bankruptcy court in an involuntary case is a threshold determination that should be made at the earliest possible stage of the proceedings. One of the requirements to bringing such a petition is that the petitioning creditors' claims are free from bona fide dispute. Any creditor wishing to invoke the bankruptcy court's jurisdiction in an involuntary case should be required to demonstrate at the earliest practicable point that its petition satisfies this requirement. Otherwise, creditors could, on the basis of relatively untested claims, haul a \*119 solvent debtor with whom they have legitimate disputes into bankruptcy court and force it to defend an involuntary proceeding

5

while the bankruptcy court leaves for a later merits determination
whether the debtor is even properly before it.

In re BDC 56 LLC 330 F.3d 111, 118 -119 (2d Cir. 2003).

Thus, under Fed.R.Civ.P. Rule 12(b)(1) as incorporated by Fed.R.Bankr.P. Rule 1011 this case must be dismissed for lack of subject matter jurisdiction.

In In re Euro-American Lodging Corp., 357 B.R. 700, 712 FN11 (Bankr. S.D.N.Y. 2007), Chief Judge Bernstein stated that the 2005 BAPCPA amendment clarified and expanded the meaning of "bona fide dispute." The Court, in Euro-American Lodging, Id. stated:

> A *bona fide* dispute exists where "there is an objective basis for either a factual or a legal dispute as to the validity of [the] debt." [FN11] In re BDC 56 LLC, 330 F.3d at 117-18; accord Platinum Fin. Servs. Corp. v. Byrd (In re Byrd), 357 F.3d 433, 437 (4th Cir.2004); Metz v. Dilley (In re Dilley), 339 B.R. 1, 6 (1st Cir. BAP 2006) ("Under the objective standard [there is a bona fide dispute], 'if there is either a genuine issue of material fact that bears upon the debtor's liability, or a meritorious contention as to the application of law to undisputed facts [.]' ") (quoting In re Lough, 57 B.R. 993, 997 (Bankr. E.D.Mich.1986)); In re Elsa Designs, Ltd., 155 B.R. 859, 864 (Bankr.S.D.N.Y.1993) (the bona fide dispute inquiry involves a determination whether factual or legal challenges to claims have "any genuine and objectively determinable legal merit.") **Once the Court identifies a *bona fide* dispute, the inquiry ends. "The court's objective is to ascertain whether a dispute that is bona fide exists; the court is not to actually resolve the dispute."** In re BDC 56 LLC, 330 F.3d at 118 (quoting *715 In re Rimell, 946 F.2d 1363, 1365 (8th Cir.1991)); accord In re Byrd, 357 F.3d at 437 ("The bankruptcy court need not resolve the merits of the bona fide dispute, but simply determine whether one exists."); In re Dilley, 339 B.R. at 6 ("The bankruptcy court is not to *resolve* any genuine issues of fact or law; its inquiry is to determine if such an issue exists.") (emphasis supplied).
>
> In re Euro-American Lodging Corp. 357 B.R. 700, 714 - 715 (Bkrtcy.S.D.N.Y.,2007).

The Court in Mountain Dairies, Id. stated:

6

Schneider-Valley glosses over a significant instruction in In re BDC 56 LLC, that the Court is to ascertain whether a bona-fide dispute exists, but **"is not to actually resolve the dispute."** 330 F.3d at 118 (emphasis added). See also, In re DSC, Ltd., 486 F.3d 940, 945 (6th Cir.2007) ( "Importantly, the court need not resolve any genuine issues of fact or law; it only must determine that such issues exist.") (citations omitted); In re Regional Anesthesia Assocs., 360 B.R. 466, 477 (Bankr.W.D.Pa.2007) ("The outcome of a dispute need not be resolved, only its presence or absence."). There is no doubt that the dispute over both the liability and amount of Schneider-Valley's claim against Mountain Dairies would continue after the entry of an order for relief. Schneider-Valley would have this Court find no dispute for the purposes of the threshold requirement of an undisputed claim and then have this Court resolve multi-faceted disputes over the amount of that claim.

Moreover, In re BDC 56 LLC's definition of "bona fide dispute," has likely been altered by BAPCPA.

> The application of the objective standard has presented courts with considerable difficulty, some of which may diminish with the added language "as to liability or amount." Affirmative defenses to a creditor's claim suggest that a bona fide dispute exists, but the debtor's assertion of a counterclaim that does not go to the merits of the creditor's claim does not necessarily demonstrate a bona fide dispute. Prior to the 2005 amendments, some courts took the position that a debtor's counterclaim disputing the amount of a creditor's claim, and not the legitimacy or the existence of such claim, did not make the creditor's claim the subject of a bona fide dispute. It appears that this result may change as a consequence of the 2005 amendments, since a dispute as to amount is sufficient to disqualify the petitioning creditor.
>
> 2 Alan N. Resnick & Henry J. Sommer, Collier on Bankruptcy ¶ 303.30[2] [b], 303-30 to 303-31 (15th rev. ed.2006) (footnotes omitted).

Thus, after the amendments made by BAPCPA, "disputes as to amount-not just liability-are sufficient to create a bona fide dispute." *Id.* at 303-32. See also, In re Euro-American Lodging Corp., 357 B.R. 700, 712 n. 8 (Bankr.S.D.N.Y.2007) (stating in dicta that the result of the BAPCPA amendment is that "any dispute regarding the amount that arises from the same transaction and is directly related to the underlying claim should render the claim subject to a *bona fide* dispute.") (citations omitted); In re Regional Anesthesia Assocs., 360

> B.R. at 469 (citing Collier on Bankruptcy).
>
> In re Mountain Dairies, Inc. 372 B.R. 623, 633. 634 (Bkrtcy. S.D.N.Y.,2007) (emphasis in text).

Thus, within the meaning of 11 U.S.C. § 303(b), as amended, the petitioning creditors are ineligible to file the involuntary Chapter 11 petition.

In the case at bar, the Petitioning Creditors filed two separate collection actions against Persico in the Eastern District of New York for breach of the Collective Bargaining Agreement and ERISA violations. In The 2008 District Court Action, nearly ten months ago, Persico filed its Answer and asserted affirmative defenses contesting the liability and the amount of damages. Nevertheless, the Petitioning Creditors filed this involuntary proceeding knowing about this dispute. As explained by the Court in In re Rosenberg, 414 B.R. 826 (Bkrtcy.S.D.Fla.,2009), the purpose of the 2005 amendments was to proscribe the improper use of involuntary bankruptcy proceedings to coerce settlements of disputed debts. The Rosenberg, Id. Court stated:

> It is important to note that the phrase "as to liability or amount" was added to § 303(b)(1) by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005. Congress provided the following comments regarding these amendments:
>
>> Sec. 1234. Involuntary Cases. Section 1234 of the Act amends the Bankruptcy Code's criteria for commencing an involuntary bankruptcy case. Current law renders a creditor ineligible if its claim is contingent as to liability or the subject of a bona fide dispute. *This provision amends section 303(b)(1) to specify that a creditor would be ineligible to file an involuntary petition if the creditor's claim was the subject of a bona fide dispute as to liability or amount. It further provides that the claims needed to meet the monetary threshold must be undisputed.* The provision makes a conforming revision to section 303(h)(1). Section 1234 becomes effective on the date of enactment of this Act and applies to cases commenced before, on, and after such date.

> H.R. Rep. 109-31(I), 2005 U.S.C.C.A.N. 88 (emphasis added).
>
> The primary purpose of disqualifying a creditor whose claim is subject to a *bona fide* dispute from filing an involuntary bankruptcy petition is to prevent such creditors from using involuntary petitions as a club to coerce the debtor to satisfy judgments when substantial questions may remain concerning the debtor's liability. See In re Tikijian, 76 B.R. 304, 313-14 (Bankr.S.D.N.Y.1987) (citing S. 7618, 98th Cong.2d Sess., June 19, 1984).
>
> As a result of the above amendment, any dispute regarding the amount of the petitioning creditors' claims that arises from the same transaction and is part of the underlying claim renders the claim subject to a *bona fide* dispute. In re Regional Anesthesia Assoc., P.C., 360 B.R. 466 (Bankr.W.D.Pa.2007).
>
> In re Rosenberg 414 B.R. 826, 845 -846 (Bkrtcy.S.D.Fla.,2009).

As fully detailed in the Persico Declaration, the three Petitioning Creditors are members of Local 1010, a union that, pursuant to its CBA with Persico, only has territorial jurisdiction to be compensated for work it performs in New York City, and the five boroughs. (A copy extracts of the CBA with Local 1010 is annexed to the Persico Declaration as Exhibit "2"). As more fully stated in the Persico Declaration, Local 1010 improperly performed construction work for the Involuntary Debtor in Westchester County, in direct violation of the CBA. In addition, as the Involuntary Debtor believes, the amount of money the Involuntary Debtor is being sued for in The 2008 District Court Action and The 2010 District Court Action is grossly overstated. As set forth in the Persico Declaration, the Involuntary Debtor has both legal and factual challenges to the Petitioning Creditors claims. Therefore, a bona fide dispute as to the amount of the claims exists, and the petition must be dismissed.

## II. STANDARD OF REVIEW FOR A MOTION SEEKING TO DISMISS AN INVOLUNTARY PETITION PURSUANT TO 11 U.S.C. SECTION 303(b)(1).

"The determination of whether a bona fide dispute exists involves a burden-shifting test." Key Mech. Inc. v. BDC 56 LLC (In re BDC 56 LLC), 2002 WL 449856 *3 (S.D.N.Y. 2002). The petitioning creditors have the burden to show that their claims are not the subject of a bona fide dispute as part of their prima facie case. Key Mech. Inc. v. BDC 56 LLC (In re BDC 56 LLC), 330 F.3d 111, 118 (2d Cir. 2003); see also In re Dilley, 339 B.R. 1, 6 (1st Cir. BAP 2006); citing Platinum Financial Services Corp. v. Byrd (In re Byrd), 357 F.3d 433, 437 (4th Cir.2004). Once the petitioning creditors meet their prima facie burden, the burden shifts to the involuntary debtor to establish that a bona fide dispute exists. In re Dilley, 339 B.R. at 6. The parties must sustain their respective burdens by a preponderance of the evidence standard. Id. at 7.

The courts role in determining if a bona fide dispute exists should be limited only to an inquiry into whether there is a bona fide dispute; and not a resolution on any genuine issues of fact or law. Id. Furthermore, if the court determines that the movants pleadings and augments clearly establish that a claim is subject to a bona fide dispute, the petition is jurisdictionally defective and must be dismissed. Key Mech. Inc. v. BDC 56 LLC (In re BDC 56 LLC), 2002 WL 449856 at *4.

## POINT II

## IN THE ALTERNATIVE, THIS COURT SHOULD ABSTAIN FROM THIS CASE IN THE BEST INTERESTS OF THE ALLEGED DEBTOR AND ITS CREDITORS

The following factors are relevant to determining whether dismissal is warranted under 11 U.S.C. § 305(a)(1) of the Bankruptcy Code in the best interests of the Alleged Debtor and its creditors:

- The economy and efficiency of administration;

- Whether another forum is available to protect the interests of both parties or there is already a pending proceeding in state court;

- Whether federal proceedings are necessary to reach a just and equitable solution;

- Whether there is an alternative means of achieving an equitable distribution of assets;

- Whether the debtor and the creditors are able to work out a less expensive out-of-court arrangement which better serves all interests in the case;

- Whether a non-federal insolvency has proceeded so far in those proceedings that would be costly and time consuming to start afresh with the federal bankruptcy process; and

- The purpose for which bankruptcy jurisdiction has been sought.

In re Monitor Single Lift I, Ltd., 381 B.R. 455, 464 (Bankr. S.D.N.Y. 2008); see also In re Trina Assocs., 128 B.R. 858, 867 (Bankr. E.D.N.Y. 1991).

Applying these factors, both the Alleged Debtor and its creditors would benefit from dismissal under section 305(a)(1) of the Bankruptcy Code. First, , going forward

with this bankruptcy case adds another layer of litigation and expense to the disputes between the Alleged Debtor and the Petitioners.

Second, the matters in this case should be addressed in the litigations that have been ongoing for years between the Petitioners and the Alleged Debtor rather than in the Bankruptcy Court.

Third, federal proceedings are unnecessary to reach a just and equitable result. <u>In re Nina Merch. Corp.</u>, 5 B.R. 743, 748 (Bankr. S.D.N.Y. 1980) (finding that bankruptcy proceedings were not necessary to reach a just and equitable solution where there was no showing that "any of the petitioning creditors commenced the involuntary proceeding to secure an unfair advantage or engage in some type of overreaching" and no ongoing state court proceedings would be disrupted). Here, the Petitioners seek an advantage in their ongoing litigation.

Moreover, there are numerous other remedies that the Petitioning Creditors have failed to avail themselves of outside of bankruptcy, including, but not limited to a 10-k administrative proceeding, whereby the parties submit their dispute to the NLRB, and receive an advisory regulatory opinion to resolve their disputes. This inexpensive and fair administrative proceeding was ignored by the Petitioning Creditors, who instead filed two civil law suits in federal court. Furthermore, the Involuntary Debtor must now defend itself in this bankruptcy proceeding, which has negatively impacted its businesses and taken away resources from important day to day operations. Therefore, Debtor respectfully submits that dismissal is both appropriate and warranted.

The Court, in <u>Mountain Dairies,</u> <u>Id.</u> stated:

> Even if Schneider-Valley were an eligible petitioner under 11 U.S.C. § 303, this Court would be compelled to abstain pursuant to 11 U.S.C. §

305 because this is essentially [FN7] **<u>a two-party dispute for which the parties have adequate remedies in state court.</u>** The bankruptcy court is not a collection agency. See, e.g., In re Century Tile and Marble, Inc., 152 B.R. 688, 689 (Bankr.S.D.Fla.1993) (creditors' attorney admonished and sanctioned for "utilizing the bankruptcy court as a collection agency instead of going to state court where collection claims are properly filed"); In re Glover, Inc., 43 B.R. 322, 325 n. 9 (Bankr.D.N.M.1984).

> FN7. This statement may appear inconsistent because the Court has noted elsewhere that certain amounts asserted are due to, and from, entities that are not present here. The dispute here appears to be centered around written and oral agreements, with Schneider-Valley and Schneider-Dairy as suppliers, and Mountain Dairies, Star Dairy and White's Dairy as dealers. Thus, the fact that multiple entities are involved on both sides has complicated Schneider-Valley's attempt to prove undisputed amounts in this involuntary case, but it does not change the fact that the dispute is essentially a dispute between a supplier and a dealer. Though Schneider-Valley has argued that it is "not the Debtor's only creditor" (Response to Debtor's Supplemental Memorandum of Law, ECF Docket No. 18, p. 2; Tr. at 15-16), Schneider-Valley is the only petitioning creditor, and no other creditor joined in the petition as allowed by 11 U.S.C. § 303(c).

In re Mountain Dairies, Inc. 372 B.R. 623, 635 (Bkrtcy. S.D.N.Y.,2007) (emphasis supplied).

This involuntary petition is most certainly a two-party dispute; all three petitioning creditors are affiliates of one entity, Local 1010[2].

Mountain Dairies, Id. cited as an additional factor in favor of abstention "whether another forum is available to protect the interests of both parties or there is already a pending proceeding in state court", citing In re 801 South Wells Street, L.P., 192 B.R. 718, 723 (Bankr.N.D.Ill.1996). In this case there not only is another forum; it has been

---

[2] Since all three petitioning creditors are affiliates of Local 1010. The alleged Involuntary Debtor reserves the right to assert additional grounds for dismissal that the three creditors are affiliates of a single entity. Regardless, it is the alleged Involuntary Debtor's position that this Petition is jurisdictionally invalid since the claims of the petitioning creditors are subject to bona fide dispute.

availed to commence not one, but two actions by the petitioning creditors against the Debtor.

## POINT III

**PURSUANT TO 11 U.S.C. § 303(e), THE COURT SHOULD REQUIRE THE PETITIONING CREDITORS TO POST A BOND FOR DAMAGES, COSTS AND ATTORNEYS' FEES ALLOWED PURSUANT TO 11 U.S.C. § 303(i)**

Pursuant to 11 U.S.C. § 303(i), "[i]f the court dismisses a petition under this section other than on consent of all petitioners and the debtor, and if the debtor does not waive the right to judgment under this subsection, the court may grant judgment:

(1) against the petitioners and in favor of the debtor for-

(A) costs; or

(B) a reasonable attorney's fee; or

(2) against any petitioner that filed the petition in bad faith, for-

(A) any damages proximately caused by such filing; or

(B) punitive damages."

An involuntary debtor may be entitled to fees, costs, and damages if three conditions are met: (1) the involuntary petition is dismissed; (2) the dismissal is without the consent of all petitioning creditors; and (3) the debtor did not waive its right to recover under § 303. In re Schloss, 262 B.R. 111, 116 (Bankr. M.D. Fla. 2000); citing In re R. Eric Peterson Constr. Co., 951 F.2d 1175 (10th Cir. 1991). As such, if an involuntary petition is dismissed, pursuant to 11 U.S.C. § 303(c)(1), attorneys fees and costs may be awarded without any finding of bad faith.

However, "[a]n award may be enhanced by compensation for damages and possibly the imposition of punitive damages if it has been established by a preponderance of the evidence that the petition was filed in bad faith." In re Schloss, 262 B.R. 111, 116 (Bankr.

M.D. Fla. 2000). "It has been generally recognized that petitioning creditors should carefully examine the risks undertaken when considering filing an involuntary petition." In re Ballato, 252 B.R. 553, 557 (Bankr. M.D. Fla. 2000); citing In re Landmark Dist., Inc., 189 B.R. 290, 306 (Bankr. N.J. 1995).

Courts have applied four separate tests to determine whether an involuntary petition was filed in bad faith: (1) the improper use test; (2) the improper purpose test; (3) the objective test; and (4) the Rule 9011 test. In re Cantico Int'l, Ltd., 2008 WL 755022 (Bankr. S.D.N.Y. 2008); citing In re Bayshore Wire Products Corp., 209 F.3d 100, 105 (2d Cir. 2000).

Although the Second Circuit Court of Appeals has not settled on one particular test, the Court in In re Hentges, 351 B.R. 758 (Bankr. N.D. Okla. 2006), found the Bayshore decision "instructive," and analyzed each separate test. Persico believes that it is entitled to Section 303(i)(2) damages under each test, and particularly the "improper use" and "improper purpose" tests.

**Improper Use Test**

Under the "improper use test," a petition is filed in bad faith when the petitioning creditor is acting to advance its own interests, rather than protecting against other creditors gaining disproportionate advantages. In re Schloss, 262 B.R. 111, 116 (Bankr. M.D. Fla. 2000). Under this test, bad faith is found where the involuntary petition is filed notwithstanding the petitioning creditor's access to other remedies. "An involuntary petition is clearly not a substitute for customary collection procedures." In re Schloss, 262 B.R. at 116-17 (bad faith involuntary filing has been found where the petitioning creditors filed the involuntary petition solely to collect on a judgment.).

It appears to Persico that the involuntary petition was filed in an effort to undermine its ability to litigate this matter in District Court, while forcing it to incur unnecessary time and expense in making this motion.

Here, Persico is currently defending itself in two separate lawsuits in the Eastern District of New York, as well as this bankruptcy case. In The 2008 District Court Action, the parties had commenced discovery, which was stayed by the filing of this involuntary case. The Petitioning Creditors decision to forego less expensive non-adversarial solutions, such as the 10-k proceeding, is clearly proof of bad faith intent to harass and embarrass Persico.

### A. <u>**Improper Purpose Test**</u>

The "improper purpose" test, provides that bad faith exists if the filing of the petition was motivated by ill will, malice, or a desire to embarrass or harass the alleged debtor. <u>In re Bayshore Wire Products Corp.</u>, 209 F.3d 100, 105 (2d Cir. 2000); <u>citing</u> <u>In re Camelot, Inc.</u>, 25 B.R. 861, 864 (Bankr. E.D. Tenn.1982).

Here, as set forth more fully in the Persico Declaration, it is apparent to the Involuntary Debtor that the purpose behind forcing it into chapter 11 bankruptcy is a desire to frustrate the parties litigation in District Court. Furthermore, as previously stated, the Petitioning Creditors intentionally failed to avail themselves of a number of less expensive, harassing, and publicly obtrusive remedies. The negative stigma associated with bankruptcy has and will continue to disrupt the Involuntary Debtor's business [DESCRIBE]. The Petitioning Creditors malicious and ill attempted maneuver constitutes bad faith pursuant to 11 U.S.C. § 303(i)(2), and entitles the Involuntary Debtor to any damages proximately caused by such filing and punitive damages.

The Involuntary Debtor is seeking entry of an order dismissing this bankruptcy case, without the consent of the Petitioning Creditors. Therefore, if the Motion is granted, the Involuntary Debtor will be entitled to costs, attorneys' fees and damages as a result of the Petitioning Creditors' bad faith filing. Furthermore, the Involuntary Debtor asks this Court to compel the Petitioning Creditors to file a bond to indemnify the Involuntary Debtor for such amounts.

## **RELIEF REQUESTED**

**WHEREFORE,** the Involuntary Debtor requests that the Court enter the following relief:

A. an Order dismissing the Involuntary Chapter 11 proceeding;

B. award the Involuntary Debtor costs, reasonable attorneys' fees, and punitive damages;

C. a bond to indemnify the Involuntary Debtor for fees, costs, and damages it has sustained as a result of the petition; and

D. such other and further relief as is just and proper.

Dated: Harrison, New York
       May 7, 2010

                           RATTET, PASTERNAK & GORDON-OLIVER, LLP
                           Attorneys for the Involuntary Debtor

                           BY: /s/ Robert L. Rattet
                               Robert L. Rattet
                               550 Mamaroneck Avenue
                               Harrison, NY 10528
                               (914) 381-7400